UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF WEST VIRGINIA

CIVIL ACTION NO. 3:21-CV-30

Charles Godlove, Pro Se

Judge Groh

Plaintiff

V.

Humphrey Management, et al

**aka, HAI Management Inc.**

FILED

AUG 16 2021

U.S. DISTRICT COURT-WVND
MARTINSBURG, WV 25401

August 12, 2021

Defendant

Plaintiffs' MOTION TO DISMISS THE COMPLAINT

On August 2, 2021, the Defense included in their MOTIONS to dismiss, Karen Stephenson

and the late Tom Barry as defendants to the complaint as seen. Barry and Stephenson are

not named in the plaintiffs' amended complaint of April 12, 2021 as served.  The defenses'

action to add parties to the Plaintiffs' complaint was without leave of the Court, and does

not acknowledge any diversity conflict.  Stephenson, Berry and Godlove are domiciled in the

State of West Virginia, and it is believed that HAI is also a citizen of West

Virginia, giving cause for the said diversity challenge in support of Plaintiffs' MOTION.

Additionally on August 2,21 the Defendants document 25 stamped 8/2/21 they refer to

Humphrey Management, and follow up with document 26 with the same misleading

nomenclature. As Defendants presented there, DISCLOSURE STATEMENT under Rule7.1

giving notice HAI Management, Inc. (HAI) is corporate party. Pursuant to West Virginia,

Secretary of State for WV recognizes HAI charter to be in Berkeley County, Virginia for

profit, thus a citizen of the state. (Exhibit 1)  And promoting a claim for foreign charter by

the defendants misleading the reader, with a scriveners err of thirty-two years.

1

HAI, Inc., filing as Humphrey Management, proceeded with Motions for summary judgment and Rule 12 for dismissal of the Plaintiffs' compliant further misrepresents the diversity status of plaintiffs' original complaint. Due to their voluntary action in an attempt to dismiss with misleading nomenclature while not revealing true citizenship of the Defendants. Seemingly erred with the MOTIONS leaving the Honorable Court and Plaintiff, blind of said citizenship.

As seen on Page 1 of the Plaintiffs amended complaint reads [28 U.S. Code § 1332]. With the true belief of jurisdiction of this Courts jurisdiction. (Exhibit 2) *Plaintiffs,' lease for current year 2020/21.* It is without HAI Managements' endorsements and mentions Humphrey Management as seen.

The plaintiff NOW moves for dismissal under RULE [28 U.S. Code § 1332 (a)(1)] as jurisdiction over defendants has not been established by law.

**Bank of United States v. Deveaux ET AL**, *9 U.S. Supreme Court 1809 [ 9US 61, 5 Branch 61].*

Wherefore, this court is requested to ORDER DISSMISSAL on the merits and without prejudice. And order defendants to pay all court courts to include mailings, process serving costs, filing fees and fees most fitting the circumstances related.

Signed

Charles Godlove

---

Footnote

The misrepresentations noted herein hampered the rule of law. It is also to be noted Stephenson's affidavit lacks candor and shall be memorialized and reserved for further State Circuit Court proceedings as needed.